**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Crim. No. 04-20145-01-KHV |
| v. ) | |
| ) | Civil No. 07-2583-KHV |
| **GREGORY NOVOSEL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Petition For A Writ Of Habeas Corpus By A Person In Federal Custody [Under 28 U.S.C. § 2255] (Doc. #110) filed December 13, 2007. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On October 18, 2005, defendant pled guilty to conspiracy to manufacture and possess with intent to distribute more than 100 marijuana plants in violation of 21 U.S.C. §§ 841 and 846 and aiding and abetting the use of a firearm during and in relation to and in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #55). Defendant pled guilty under a plea agreement which included a waiver of his right to file an appeal or collateral attack as to any matter in connection with his "prosecution, conviction and sentence." Plea Agreement (Doc. #56) ¶ 11. On June 21, 2006, the Court sentenced defendant to 120 months in prison (a mandatory five years on conspiracy count and mandatory five years consecutive on firearm count).

Despite the appeal waiver in the plea agreement, defendant filed a notice of appeal. The Tenth Circuit sustained the government's motion to enforce the appeal waiver and dismissed the

appeal. See United States v. Novosel, 481 F.3d 1288 (10th Cir. 2007).

On December 13, 2007, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion alleges that defense counsel was ineffective because (1) he did not advise defendant that government counsel had offered a five-year plea deal; (2) he did not object to last minute changes to the plea agreement including the addition of an appeal waiver and insertion of the term consecutive; and (3) he allowed defendant to plead guilty to a firearms offense under 18 U.S.C. § 924(c)(1) when the evidence did not support the charge.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### **I.     Procedural Bar – Waiver Of Collateral Challenges**

The government asserts that defendant's claims are barred by the waiver of collateral challenges in the plea agreement. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in

a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **11.     Waiver of Appeal and Collateral Attack.**  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement (Doc. #56) ¶ 11. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction

-3-

or sentence.  In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  237 F.3d at 1187.  In this case, all of defendant's claims relate to counsel's negotiation of the plea and waiver.  Accordingly, such claims fall outside the scope of the waiver in the plea agreement.

## II.     Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness."  United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

### A. Failure To Communicate Plea Offer (Claim 1)

Defendant argues that counsel was ineffective in failing to tell him of a five-year plea deal which government counsel offered early in the case. Defendant relies solely on government counsel's comment at sentencing that it had offered defendant a five-year deal early in the case. At sentencing, defendant explained that he thought the sentences on the two counts would run concurrently. Thereafter, the following exchange took place:

> THE DEFENDANT: Well, I signed this plea thinking that the maximum I could do, which is, I think, is still out of line, would be five years. And then I asked my attorney here if you recalled this and he didn't, but, ma'am, I know the attorney in California who was my lead attorney at the time told me, Greg, this isn't a bad deal for you. Take it. Five years.
>
> THE COURT: That would be a great deal for you if it was five years.
>
> THE DEFENDANT: Is that the way it –
>
> THE COURT: Well, it is true that the gun count has to run consecutive. Ms. Parker? I don't remember specifically the plea [discussions] that we had, but I'm sure we could look in the record and find out.
>
> MS. PARKER: Well, the – and the penalties on the Indictment are the same and – but there was initially, when this case was first filed, there was a plea extended that would have resulted in a five year sentence if the defendants had accepted it. They did not. There [were] Superseding Indictments filed that changed that whole thing and the offer changed.
>
> THE DEFENDANT: See, I don't recall that.
>
> MR. HOUDEK: Shush.
>
> THE DEFENDANT: I'm sorry.
>
> MS. PARKER: And the plea is what it is, the penalties are set out. Mr. – well, I think the record will reflect he indicated he understood. Beyond that I don't have anything to offer. * * * But on the issue of five years, *if he heard that*, that that was an offer way, way back in the beginning that was made to all of the defendants and all of them declined to accept that. And we went on from there.

-5-

Transcript Of Sentencing (Doc. #101) at 19-20 (emphasis added).

Despite government counsel's statements at sentencing, the record reflects that the government actually did not offer defendant a five-year plea deal. Government counsel has submitted a declaration which states that her comment at sentencing was erroneous and that all three plea offers to defendant required him to plead guilty to two counts: a drug conspiracy count with a five-year mandatory minimum and a firearms count carrying a consecutive five-year mandatory minimum. See Declaration Under Penalty Of Perjury ¶¶ 2-3, attached as Exhibit A to Government's Supplemental Response To Motion To Vacate Filed Under 28 U.S.C. § 2255 (Doc. #119) filed October 6, 2008; see also Plea Agreement, provided to defense counsel on October 12, 2004, attached as Exhibit A-A to Government's Response To Defendant's Motion To Vacate Filed Pursuant To 28 U.S.C. § 2255 And Government's Motion To Enforce Waiver In The Plea Agreement (Doc. #116) filed September 15, 2008. Defense counsel also has submitted an affidavit which confirms that the government did not offer a five-year deal and that defendant was fully informed that he faced a ten-year minimum sentence under the proposed plea agreements. See Affidavit Of Bruce C. Houdek, attached as Exhibit B to Government's Supplemental Response To Motion To Vacate Filed Under 28 U.S.C. § 2255 (Doc. #119). Finally, contrary to defendant's statements at sentencing, defendant acknowledged during the plea colloquy that he faced a minimum of ten years in prison. See Transcript Of Plea Hearing (Doc. #100) at 23-24; see also Petition To Enter Plea Of Guilty (Doc. #55) at 4 (mandatory minimum on Count 6 of five years incarceration, consecutive to Count 1). Defendant's claim of a five-year plea deal, based on government counsel's statements at sentencing, is refuted by the record evidence. The Court therefore overrules defendant's motion on this ground.

B.      Failure To Object To Changes In Plea Agreement (Claim 2)

Defendant argues that counsel was ineffective in failing to object to last minute changes in the plea agreement including an appeal waiver and insertion of the term "consecutive."

**1.      Appeal Waiver**

On direct appeal, the Tenth Circuit addressed the addition of an appeal waiver at the plea hearing as follows:

> It is undisputed that the written plea agreement sent to and agreed to by defendant during the plea negotiations did not include an appeal waiver provision. The defense counsel involved in the negotiations, Mr. Richards, has submitted an affidavit stating that an appeal waiver was never discussed during the plea negotiations and that he intentionally did not raise the issue. Opp'n to Mot. to Enforce, Ex. E, at 1. At the plea hearing, the district court inquired about the absence of an appeal waiver, and the government replied it had been omitted inadvertently. Mot. to Enforce, Ex. 2 (Plea Hr'g Tr.) at 31-32. The prosecutor then asked defense counsel, Mr. Houdek, if defendant had "any objection to the standard waiver of the right to appeal," and Mr. Houdek immediately said, "No," without expressing any concern or objection. Id. at 32. The district court ordered a recess to give counsel time to review the appeal waiver with Novosel.
>
> Following the recess, Novosel represented to the court that he had read the plea agreement and discussed it with counsel and understood that it now included a waiver of his right to appeal. Id. at 34-35. The district court probed Novosel's understanding of the appeal waiver at great length, and Novosel repeatedly represented to the court that he knowingly and voluntarily agreed to waive his right to appeal any sentence determination made by the court so long as the sentence imposed was within the advisory guideline range determined appropriate by the court. Id. at 35-39. The district court explicitly informed Novosel that unless he was sentenced above the advisory guideline range, he was waiving his right to appeal "any of the court's decisions with regard to [his] sentence or anything else that has happened in the case." Id. at 35. Novosel told the court he understood this. Further, although Novosel initially included an objection to the appeal waiver in his objections to the presentence report, at the subsequent sentencing hearing, Novosel represented to the court that he was withdrawing that objection and waiving any objection to the inclusion of the appeal waiver in the plea agreement. Mot. to Enforce, Ex. 3 (Sentencing Hr'g Tr.) at 3.  * * *
>
> It is clear under Rule 11 that, until the moment the court accepted his guilty plea, Novosel was free to withdraw his guilty plea "for any reason or no reason."

> Rule 11(d)(1). By the same token, because the court had not yet accepted his guilty plea, Novosel retained the choice to either accept the appeal-waiver modification or reject the modification and proceed to trial when the government proposed adding the appeal-waiver provision to the plea agreement. See id. * * *
>
> Novosel argues the modification altered the bargain at the heart of his plea agreement and that he is entitled to receive the benefit of his original bargain. He does not, however, contend he detrimentally relied upon the original plea agreement or provide any basis for asserting a detrimental reliance claim. * * *
>
> Novosel learned of and voluntarily agreed to the change to the plea agreement before he entered his guilty plea. He did not seek to withdraw from the plea agreement on the basis that he had intended to preserve his appeal rights, nor did he inform the court that he even had an expectation that he would preserve his appeal rights. To the contrary, defense counsel immediately and without any discussion or objection told the court that Novosel was willing to include a standard appeal waiver provision in the plea agreement. Novosel did not then tell the court, nor does he now claim that inclusion of an appeal waiver was in any way the result of any governmental coercion, threats or misrepresentations. The district court found, based on Novosel's representations to the court, that he understood and voluntarily entered into the appeal waiver. As in [United States v. Coon, 805 F.2d 822 (8th Cir. 1986)], he cannot have detrimentally relied upon the original plea agreement because he was free to accept the change and enter his plea or to reject the change and proceed to trial. * * *
>
> Novosel next contends that he did not knowingly and voluntarily agree to the appeal waiver because he was not aware new consideration was required for the modification. As explained above, however, new consideration was not required to add an appeal-waiver provision to the executory plea agreement prior to Novosel's entry of his guilty plea or the district court's acceptance of the plea agreement. Novosel claims that he was not sure what was happening with respect to the addition of the appeal waiver, but this assertion is directly contrary to the representations he made to the district court that he did understand the terms of the appeal waiver and he did knowingly and voluntarily agree to the waiver. "[S]tatements made in a plea colloquy are presumed to be true." United States v. Edgar, 348 F.3d 867, 873 (10th Cir. 2003). The language of the plea agreement states that defendant entered the agreement knowingly and voluntarily and the record shows that the district court conducted an adequate Rule 11 colloquy. See Hahn, 359 F.3d at 1325. Novosel has failed to meet his "burden to present evidence from the record establishing that he did not understand the waiver." Id. at 1329.

Novosel, 481 F.3d at 1290, 1292-94 (footnote omitted).

    Counsel's failure to object to the addition of the appeal waiver was not deficient because "[a]

-8-

plea bargain is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." Novosel, 481 F.3d at 1292 (quoting Mabry v. Johnson, 467 U.S. 504, 507 (1984)). Likewise, counsel's failure to object was not prejudicial because defendant could not have "detrimentally relied upon the original plea agreement because he was free to accept the change and enter his plea or to reject the change and proceed to trial." Id. at 1294. The Court therefore overrules defendant's motion on this ground.

### 2. Insertion Of Term "Consecutive"

Defendant argues that counsel was ineffective because he did not object at the plea hearing after the government inserted the term "consecutive" in Paragraph 1 of the plea agreement, which increased his sentence from five to ten years. See Defendant's Memorandum (Doc. #111) at 13. Contrary to defendant's assertion, he understood that by pleading guilty to Counts 1 and 6, he faced a minimum of 10 years in prison. See Transcript Of Plea Hearing (Doc. #100) at 23-24 (defendant understood that he faced minimum of 10 years in prison and that mandatory minimum of 10 years would trump guideline range); Petition To Enter Plea Of Guilty (Doc. #55) at 4 (mandatory minimum on Count 6 of five years incarceration, consecutive to Count 1). Because the government's insertion of the word "consecutive" in the plea agreement merely confirmed the parties' agreement and the statutory mandate that the sentences run consecutively, counsel's failure to object was not deficient or prejudicial. See U.S.S.G. §§ 2K2.4(b), 5G1.2(a); see also 18 U.S.C. § 924(c)(1)(A) (five-year term of imprisonment shall be "in addition to" punishment for drug trafficking crime).

### C. Advice To Plead Guilty To Firearms Offense (Claim 3)

On appeal, defendant maintained that this Court did not ensure that the government had an adequate factual basis for his guilty plea to the firearms charge. The Tenth Circuit held that defendant waived his right to appeal on that ground. See Novosel, 481 F.3d at 1295. Defendant now asserts that counsel was ineffective in advising him to plead guilty to 18 U.S.C. § 924(c)(1) and 2 when the evidence did not support the plea. Defendant's present assertion of innocence to the firearms charge is refuted by the plea agreement, the plea petition and the plea colloquy.[1] See Plea Agreement (Doc. #56) ¶ 2 (defendant stipulated and agreed that he possessed some 10 firearms for use and in furtherance of conspiracy and that he allowed son to take his guns to marijuana plots in Anderson County); Transcript Of Plea Hearing (Doc. #100) at 43-45 (same); Petition To Enter Plea Of Guilty (Doc. #55) at 2 (defendant admitted that he possessed marijuana plants and 11 firearms at residence which were available for protection); Presentence Investigation Report ¶ 23 (officers found small bag of marijuana and three 9 mm handguns in defendant's bedroom, 18 marijuana plants and two rifles in basement and six other firearms throughout residence); id. ¶ 32 (at residence, defendant grew marijuana and had 11 firearms available for protection). Based on defendant's admissions, ample evidence supported defendant's plea to the firearms offense. Accordingly, counsel's advice to plead guilty to that count was not deficient or prejudicial.

---

[1] In an affidavit, defense counsel also notes that defendant acknowledged that "he knew his son was growing marijuana at the rural acreage, and had provided him with equipment and the pistol to take with him while cultivating the marijuana plants" and that "he had numerous firearms in his residence, which could be used to protect the marijuana plants being grown in his basement." Affidavit Of Counsel ¶ 7, attached as Exhibit B to Government's Supplemental Response To Motion To Vacate Filed Under 28 U.S.C. § 2255 (Doc. #119) filed October 6, 2008.

**III.     Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Petition For A Writ Of Habeas Corpus By A Person In Federal Custody [Under 28 U.S.C. § 2255] (Doc. #110) filed December 13, 2007 be and hereby is **OVERRULED**.

Dated this 27th day of October, 2008 at Kansas City, Kansas.

>                               s/ Kathryn H. Vratil
>                               KATHRYN H. VRATIL
>                               United States District Judge